SANFORD RICHARDS, APPELLANT, V. HARLAN COUNTY, APPELLEE.

FILED JULY 12, 1907.   No. 14,690.

Taxation: ASSESSMENT. The state board of equalization is not authorized to adopt rules for the government of assessors which require the assessment of the property of an individual in excess of its value.

APPEAL from the district court for Harlan county: ED L. ADAMS, JUDGE. *Reversed.*

*Gomer Thomas* and *Power & Meeker*, for appellant.

*W. A. Myers, contra.*

JACKSON, C.

The plaintiff seeks to reduce the valuation of his property as returned by the assessor for the purpose of taxation. The case was submitted in the district court upon the following stipulation of facts: "It is hereby stipulated between the parties hereto that, if the parties hereinafter named were present in court, they would testify as herein set forth, and that the same is to be considered by the court as the testimony of the respective parties to this action. That the plaintiff would testify that the assessor for Harlan county, Nebraska, in listing and assessing plaintiff's personal property for taxes for the year 1905, after listing all of his said property, including the grain and live stock and cash on hand at the time of making said assessment, at the actual cash value, to wit, the sum of $7,090, as shown by the schedule, making an assessed valuation of $1,418, added to the said actual value the sum of $1,000, and making the assessed valuation thereof the sum of $200, in addition to the said sum of $1,418. That all of his property was assessed before the said $1,000 was added to the said assessment. That the average amount of capital used by the plaintiff in his business of buying and selling grain did not exceed the

amount of grain and cash on hand at the time such assessment was made, and which was all included in his said assessment before the said $1,000 was added thereto. That he had not taken any capital out of said business, and the amount of cash and grain then on hand was more than the amount or average amount of capital used in 1904 or in the year 1905, as a large amount of the profits of said business was included therein. That the plaintiff objected to the assessor adding the $1,000 in said schedule, and informed the assessor that the amount of grain on hand and cash, which was already in said assessment, was all the capital invested by him in said business, but the assessor arbitrarily added said $1,000 to said assessment, without regard to the amount or value of plaintiff's property. That the county assessor, A. H. Munson, would testify that he assessed the plaintiff's property for the year 1905, that after listing his personal property, including grain and cash on hand, at the total amount of $7,090, and the assessed valuation thereof at $1,418, the said A. H. Munson examined the plaintiff's books to ascertain as near as possible the total value or amount of grain shipped by the plaintiff for the last 12 months prior to the time of making said assessments. That after finding the value or amount of said shipments for 12 months, as instructed by the state board of equalization, he divided the amount thereof by 24, and from the amount of this quotient or answer he subtracted the amount of grain and cash on hand, as appeared in the schedule of assessment, which left a balance of $1,000. That he added the said $1,000 to the amount of property listed and made the assessed valuation thereof the sum of $200. That the manner of making said assessment was according to the written instruction of the state board of equalization, and that the assessment was, in his opinion, fair and just." The judgment was for the defendant, and the plaintiff appeals. There is presented the single question of the sufficiency of the evidence under the law to sustain the judgment.

It is provided by section 66, art. I, ch. 77, Comp. St. 1905, as follows: "Every person, company or corporation engaged in the business of buying and selling grain for profit, shall be held to be a grain broker, and shall at the time required by this act, determine under oath the average amount of capital invested in such business, exclusive of real estate or other tangible property, assessed separately, for the preceding year, and taxes shall be charged upon such average capital the same as on other property. For the purpose of determining the average capital of such grain broker the county assessor or deputy assessor shall have the right to inspect all the books of account and the check books of such grain broker and shall determine and fix the amount of such capital by such inspection." By this statute the average amount of capital employed during the preceding year is made the basis for taxing grain brokers. It appears from the direct evidence of the plaintiff that the sum of $7,090 listed by him as the value of the grain and cash on hand exceeded the average amount of capital employed by him during the preceding year, that it in fact included a large amount of the profits of his business. This, it seems, should be sufficient *prima facie* to overcome the valuation returned by the assessor, which was obtained in the manner he describes. *Central Granaries Co. v. Lancaster County*, 77 Neb. 319, and cases cited. To meet this the testimony of the assessor discloses that he divided the total value of all of the grain handled by the plaintiff during the preceding year by 24, and the quotient he used as a basis for taxing the plaintiff's property: By so doing he increased the amount listed in the sum of $1,000. It is explained that this was done under directions from the state board of equalization. We are unable to understand how this method can be said to be fair and just. Manifestly the state board of equalization can adopt no rules for the government of assessors that will require them to assess the property of an individual in excess of its cash value, and if, as appears from the stipulation of

facts, the rule adopted by that board for the government of assessors required an assessment of grain brokers in excess of the average amount of capital employed by them, such rule will not stand the test of the law.

We are of the opinion that the evidence on behalf of the defendant fails to overcome the *prima facie* case made by the plaintiff, and we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.